UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

BISHOP ABRAHAM S. ISRAEL; and
JESUS CHRIST MINISTRIES,

                              Plaintiffs,

v.                                                                5:21-CV-0915
                                                                  (DNH/ML)
CITY OF SYRACUSE; SGT. CARLEO,
Syracuse Police Officer; SISLEY, Syracuse
Police Officer; WOLFE, Syracuse Police
Officer; KIMPEL, Syracuse Police Officer;
MARCUS DeBOTTIS, Jr., Syracuse Police
Officer; LAGO, Syracuse Police Officer; and
RANETTE RELEFORD, CRB Administrator,

                              Defendants.

_____

APPEARANCES:                                       OF COUNSEL:

ABRAHAM S. ISRAEL
  *Pro se* Plaintiff
1409 South McBride Street
Syracuse, New York 13202

MIROSLAV LOVRIC, United States Magistrate Judge

## **ORDER and REPORT-RECOMMENDATION**

The Clerk has sent this *pro se* Amended Complaint (Dkt. No. 5) and motion for

appointment of counsel (Dkt. No. 6) filed by Bishop Abraham S. Israel ("Plaintiff") to the Court

for review.  For the reasons discussed below, I (1) recommend that Plaintiff's Amended

Complaint (Dkt. No. 5) be (a) accepted in part for filing, and (b) dismissed in part without leave

to amend, and (2) order that Plaintiff's motion for appointment of counsel (Dkt. No. 6) be denied

without prejudice.

I.      **BACKGROUND**

On August 13, 2021, Plaintiff[1] commenced this action by filing a Complaint and a motion to proceed *in forma pauperis*.  (Dkt. Nos. 1, 2.)

On September 16, 2021, the undersigned issued an Order and Report-Recommendation, which (1) granted Plaintiff's application for leave to proceed *in forma paupers*, and (2) recommended that the Court (a) accept for filing Plaintiff's claims (i) that his right to free speech/religion was violated pursuant to the First Amendment and 42 U.S.C. § 1983, against Defendants Sisley and Wolfe regarding the incident at Destiny USA on July 17, 2020, (ii) of false arrest pursuant to the Fourth Amendment and 42 U.S.C. § 1983, against Defendants Sisley and Wolfe regarding the incident at Destiny USA on July 17, 2020, (iii) of unreasonable search and seizure pursuant to the Fourth Amendment and 42 U.S.C. § 1983, against Defendants Sisley and Wolfe regarding the incident at Destiny USA on July 17, 2020, (iv) of unreasonable search and seizure pursuant to the Fourth Amendment and 42 U.S.C. § 1983, against Defendant Kimpel regarding the incident on December 13, 2020, (v) of false arrest pursuant to the Fourth Amendment and 42 U.S.C. § 1983, against Defendant DeBottis regarding the incident on April 23, 2021, (vi) of unreasonable search and seizure pursuant to the Fourth Amendment and 42

---

[1]      Plaintiff, who is not an attorney, cannot represent other plaintiffs.  Although parties have a statutory right to "plead and conduct their own cases," 28 U.S.C. § 1654, unlicensed laypersons may not "represent anyone else other than themselves." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (internal quotation marks omitted); *see also Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself.").  The Amended Complaint names two plaintiffs—Abraham S. Israel and Jesus Christ Ministries.  (Dkt. No. 5 at 1.)  However, the IFP application is signed solely by Plaintiff.  (Dkt. No. 2.)  Accordingly, I reviewed this action with Abraham S. Israel as the sole plaintiff.  *See Yerushalayim v. Liecthung*, 19-CV-4101, 2019 WL 3817125, at *2 (E.D.N.Y. Aug. 13, 2019) (reviewing the action as brought by sole plaintiff, Ben-Siyon Ish Yerushalayim, because he was the only signatory on the complaint and IFP application and, as an unlicensed layperson, was incapable of representing the other named plaintiffs).

U.S.C. § 1983, against Defendant DeBottis regarding the incident on April 23, 2021, and (vii) of negligence pursuant to New York common law against Defendants Carleo and Releford, (b) dismiss with leave to replead Plaintiff's claims (i) pursuant to RICO, against Defendants, (ii) that his right to equal protection was violated pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983, against Defendants, (iii) that his right to free of speech/religion was violated by Defendant Carleo, pursuant to the First Amendment and 42 U.S.C. § 1983, at Destiny USA on July 17, 2020, (iv) of false arrest pursuant to the Fourth Amendment and 42 U.S.C. § 1983, against Defendant Carleo regarding the incident at Destiny USA on July 17, 2020, (v) of unreasonable search and seizure pursuant to the Fourth Amendment and 42 U.S.C. § 1983, against Defendant Carleo regarding the incident at Destiny USA on July 17, 2020, and (vi) of failure to protect against Defendant Kimpel, and (c) dismiss without leave to replead his claims of (i) dereliction of duty pursuant to 10 U.S.C. § 892, against Defendants, (ii) law enforcement misconduct pursuant to 42 U.S.C. § 14141(a) or 34 U.S.C. § 12601, against Defendant City of Syracuse, (iii) harassment in the second degree pursuant to N.Y. Penal Law § 240.26(3), against Defendants, (iv) unlawful imprisonment pursuant to N.Y. Penal Law § 135.05, against Defendants, (v) menacing in the second degree pursuant to N.Y. Penal Law § 120.14(1), against Defendants, (vi) robbery in the second degree pursuant to N.Y. Penal Law § 160.10(1), against Defendants, (vii) criminal tampering in the third degree pursuant to N.Y. Penal Law § 145.14, against Defendants, (viii) kidnapping in the first degree pursuant to N.Y. Penal Law § 135.25(1), against Defendants, and (ix) disruption or disturbance of religious service, burial, or memorial service pursuant to N.Y. Penal Law § 240.21, against Defendants.

On October 12, 2021, Plaintiff filed an amended complaint as of right pursuant to Fed. R. Civ. P. 15(a)(1) and a motion for appointment of counsel.  (Dkt. Nos. 5, 6.)

On October 13, 2021, United States District Judge David N. Hurd issued an order

adopting the undersigned's Order and Report-Recommendation dated September 16, 2021.  (Dkt.

No. 7.)

## II.   ALLEGATIONS OF THE AMENDED COMPLAINT

Construed as liberally as possible, the Amended Complaint alleges that Plaintiff's civil

rights were violated by Defendants City of Syracuse, Sgt. Carleo, Sisley, Wolfe, Kimpel, Marcus

DeBottis, Jr., Lago, and Ranette Releford (collectively "Defendants") during his interactions

with them.  (*See generally* Dkt. No. 5 [Am. Compl.].)

The Amended Complaint appears to assert virtually the same factual allegations as the

Complaint did, but with additional legalese.  More specifically, the Amended Complaint alleges

that on or about July 17, 2020, Plaintiff was at a mall in Syracuse, New York ("Destiny USA")

preaching the gospel, when Defendants Sisley and Wolfe approached him, escorted him to a

private room, detained him for approximately twenty minutes, then escorted him out of Destiny

USA, and served him with an appearance ticket—which was ultimately dismissed.  (*Id*. at 11-

16.)  Plaintiff alleges that during this incident, Defendants Sisley and Wolfe took—without a

warrant—Plaintiff's passport, "papers," and $10.00.  (*Id.*)  Plaintiff alleges that he reported this

incident to the Citizen's Review Board ("CRB"), was contacted by Defendant Carleo for an in-

person interview in August 2020, but that Defendant Carleo denied Plaintiff a "[f]air [h]earing

on the allegations against Carleo's co-workers . . . and was negligent by denying the Plaintiff the

relief request[ed]" and thus, "knowingly and unlawfully participated in the racketeering

activity."  (*Id*. at 15-16.)

Plaintiff alleges that on December 13, 2020, the Syracuse Police Department was

summoned to 1409 South McBride Street, Syracuse, New York 13202, which is Plaintiff's

church ("Jesus Christ Ministries").  (*Id*. at 16-18.)  Plaintiff alleges that Defendant Kimpel

responded, entered Jesus Christ Ministries without a warrant, searched and seized Plaintiff's

sword, and then made Plaintiff and his wife, Natalia Israel, lock up and leave the premises.  (*Id*.)

Plaintiff alleges that approximately one hour later, at an unidentified location, by an unidentified

individual, Plaintiff was assaulted and suffered minor contusions to his face, a swollen, black

eye, and was hospitalized.  (*Id*.)  Plaintiff alleges that he called the Syracuse Police Department,

Defendant Kimpel again responded, Plaintiff reported to Defendant Kimpel who assaulted him,

and Defendant Kimpel informed Plaintiff that a warrant would be issued for that person's arrest.

(*Id*.)  Plaintiff alleges that on December 14, 2020, he called the Syracuse Police Department and

discovered that Defendant Kimpel wrote a false report for a missing person, instead of the assault

on Plaintiff.  (*Id*. at 9-10.)

   Plaintiff alleges that on April 23, 2021, he and his wife were engaged in an "alleged

[d]omestic dispute" and Defendant DeBottis was the responding officer.  (*Id*. at 18-20.)  Plaintiff

alleges that when Defendant DeBottis arrived on scene, Plaintiff was approximately one block

away near his vehicle.  (*Id*.)  Plaintiff alleges that, without a warrant, Defendant DeBottis

approached Plaintiff, placed him under arrest, placed handcuffs on him, seized his personal

possessions, and took him to jail.  (*Id*.)  Plaintiff alleges that he spent seventeen days in jail as a

result of this incident.  (*Id*.)

   Plaintiff alleges that on April 23, 2021, he informed the "City of Syracuse (Erica T.

Clarke) . . . that his private property was confiscated [without] a warrant" but that, despite this

information, he was remanded to jail for seventeen days.  (*Id*. at 20-21.)

   Plaintiff alleges that on August 12, 2021, he called the police because his wife threatened

to shoot him at Jesus Christ Ministries.  (*Id*. at 21-22.)  Plaintiff alleges that Defendant Lago

responded to the call and when he arrived, Plaintiff was alone.  (*Id.*)  Plaintiff alleges that he

signed an accusatory instrument against his wife and indicated that he wanted to press charges

against her.  (*Id.*)  Plaintiff alleges that Defendant Lago informed him that a warrant would be

issued for Ms. Israel's arrest.  (*Id.*)  Plaintiff alleges that after praying, he changed his mind

about pressing charges, so he called the Syracuse Police Department and was informed that there

was "no trace of his accusatory instrument he had signed . . . and there was no record of his

formal complaint."  (*Id.*)

Plaintiff alleges that on July 27, 2020, he submitted a complaint to the CRB about the

unlawful conduct of Defendants Sisley and Wolfe at Destiny USA on July 17, 2020, and that on

December 23, 2020, he submitted a complaint to the CRB about the unlawful conduct of

Defendant Kimpel on December 13, 2020.  (*Id.* at 22-23.)  However, Plaintiff alleges that

Defendant Releford, the CRB administrator, has failed to provide him with any recourse or

means to address the unlawful conduct.  (*Id.*)

Plaintiff alleges that he submitted numerous complaints to Syracuse Police Chief Kenton

Buckner and received responses but that Chief Buckner has been negligent in his response to the

misconduct of Syracuse police officers.  (*Id.* at 23-24.)

Based on these factual allegations, the Complaint appears to assert[2] the following

fourteen causes of action: (1) a claim against Defendants pursuant to the Racketeer Influenced

---

[2]     The Amended Complaint (Dkt. No. 5) is brimming with legalese and references to
several statutes and purported causes of action without any factual allegations associated that
would plausibly suggest a claim.  For example, the Amended Complaint lists "40 U.S.C. § 319
Grant of easements" as the ninth cause of action.  (Dkt. No. 5 at 6.)  "Now codified as 40 U.S.C.
section 1314, section 319 permitted the federal government to grant states an easement over
property held by the United States and also allowed the federal government to relinquish
legislative jurisdiction over the easement area."  *State v. Dodson*, 143 Wash. App. 872, 879
(Wash. Ct. App. 2008).  Plaintiff's Amended Complaint and Complaint do not appear to allege
facts plausibly suggesting any connection with state easements.  As a result, based on Plaintiff's

and Corrupt Organizations statute ("RICO"), 18 U.S.C. Chapter 96; (2) a claim against Defendants for dereliction of duty pursuant to 10 U.S.C. § 892; (3) a claim against Defendants for law enforcement misconduct pursuant to 42 U.S.C. § 14141(a); (4) a claim that Plaintiff's right to equal protection of the laws was violated by Defendants pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983; (5) a claim that Defendants Sisley and Wolfe violated Plaintiff's rights of free speech and freedom of religion pursuant to the First Amendment and 42 U.S.C. § 1983, related to the incident on July 17, 2020; (6) a claim of false arrest against Defendants Sisley and Wolfe in violation of the Fourth Amendment and 42 U.S.C. § 1983, related to the incident on July 17, 2020; (7) a claim of illegal search and seizure against Defendants Sisley and Wolfe in violation of the Fourth Amendment and 42 U.S.C. § 1983, related to the incident on July 17, 2020; (8) a claim of negligence against Defendant Carleo related to Plaintiff's CRB complaint regarding the incident that occurred at Destiny USA on July 17, 2020; (9) a claim of illegal search and seizure against Defendant Kimpel pursuant to the Fourth Amendment and 42 U.S.C. § 1983, related to the incident on December 13, 2020; (10) a claim that Defendant Kimpel failed to protect Plaintiff as a victim of a crime related to the incident on December 13, 2020; (11) a claim of false arrest against Defendant DeBottis pursuant to the Fourth Amendment and 42 U.S.C. § 1983, related to the incident on April 23, 2021; (12) a claim of illegal search and seizure against Defendant DeBottis pursuant to the Fourth Amendment and 42 U.S.C. § 1983, related to the incident on April 23, 2021; (13) a claim of negligence against Defendant Releford for failing to provide Plaintiff "recourse" regarding his CRB complaints; and (14) a claim of defamation/slander/libel against Defendants.  (*See*

---

factual allegations and construing the Complaint liberatlly, the Court gleaned the fourteen causes of action cited herein.

*generally* Dkt. No. 5.)  As relief, Plaintiff seeks an injunction against the City of Syracuse

prohibiting any "future Dereliction of Duty" and $3,120,000.00 in damages.  (*Id.*)

## III.    LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the

court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter

alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.

R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief

means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is *plausible* on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis

added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Determining whether a

complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial

experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged–but it has not

shown–that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (internal citation and

punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the

complaint as true and construe all reasonable inferences in the plaintiff's favor."  *Hernandez v.

Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).  However, "the tenet that a court

must accept as true all of the allegations contained in a complaint is inapplicable to legal

8

conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

"[E]xtreme caution should be exercised in ordering sua sponte dismissal of a . . . complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond."  *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a plaintiff's complaint to proceed.  *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee).  "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint."  *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

IV.   ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that it be accepted in part for filing and dismissed in part.

A.    **RICO Claims**[3]

As set forth in the Court's Order and Report-Recommendation dated September 16, 2021, to allege an enterprise for purposes of a RICO claim, a plaintiff must allege an "ongoing organization, formal or informal" and that "the various associates function as a continuing unit." *United States v. Turkette*, 452 U.S. 576, 583 (1981).  In particular, a RICO enterprise must be "an entity separate and apart from the pattern of activity in which it engages."  *Turkette*, 452 U.S. at 583.

In addition, as stated in the Order and Report-Recommendation dated September 16, 2021, claims to enforce RICO cannot be pursued against Defendant City of Syracuse and the individual Defendants to the extent that they are sued in their official capacities, because the municipality cannot form the requisite criminal intent to establish a predicate act.  *Naples v. Stefanelli*, 972 F. Supp. 2d 373, 389 (E.D.N.Y. 2013); *see Liang v. City of New York*, 10-CV-3089, 2013 WL 5366394, at *12 (E.D.N.Y. Sept. 24, 2013) (collecting cases) ("[A]s many previous courts in this Circuit have held, 'a municipal corporation is incapable of having the criminal intent to support RICO's predicate offense requirement.'").

With respect to Plaintiff's claims against Defendants in their individual capacities, he fails to allege facts plausibly suggesting the existence of an "enterprise" within the meaning of

---

[3]      Under General Order #14 and N.D.N.Y. L.R. 9.2, a party who files a RICO claim must also file a Civil RICO statement within thirty days after the filing date of the complaint.  Thirty days after the filing of Plaintiff's Complaint was September 12, 2021.  Thirty days after the filing of Plaintiff's Amended Complaint was November 11, 2021.  Despite this deficiency being highlighted in the Court's Order and Report-Recommendation dated September 16, 2021, Plaintiff has still noted filed a Civil RICO statement.  (*See generally* docket sheet.)

RICO.  Although Plaintiff's claims are against individuals employed by the City of Syracuse, he fails to plead any facts plausibly suggesting that Defendants constitute, control, or participate in any enterprise with a distinguishable existence or purpose.  *See Mackin v. Auberger*, 59 F. Supp. 3d 528, 543 (W.D.N.Y. 2014) ("Plaintiff fails to allege that [the defendants] had a common or shared purpose or that they functioned as a continuing unit.").  In addition, the Amended Complaint fails to allege any facts plausibly suggesting that Defendants functioned as a continuing unit.  Plaintiff alleges in a conclusory fashion that "the following named Defendant(s) are an 'ongoing organization, formal or informal' and . . . the stated Defendant(s) herein are a corrupt enterprise and/or entity separate and/or apart from the municipal corporation."  (Dkt. No. 5 at 9.)  However, Plaintiff fails to allege any facts plausibly suggesting those elements of a RICO claim.  "Without such an enterprise, a RICO claim like [Plaintiff]'s must fail."  *Liang*, 2013 WL 5366394, at *13; *see also Peterson v. City of New York*, 2012 WL 75029, at *3-4 (S.D.N.Y. January 9, 2012) (dismissing the plaintiff's RICO claim because "[t]he existence of a RICO enterprise is a necessary element for liability" and the plaintiff failed to allege facts plausibly suggesting the existence of a RICO enterprise).

As a result, I recommend that Plaintiff's RICO claim be dismissed.

### B.      Dereliction of Duty

As set forth in the Court's Order and Report-Recommendation dated September 16, 2021, 10 U.S.C. § 892, is a violation of the Uniform Code of Military Justice, and is wholly inapplicable here.  As a result, I recommend that Plaintiff's claim for dereliction of duty be dismissed.

### C.    Law Enforcement Misconduct

As set forth in the Court's Order and Report-Recommendation dated September 16, 2021, 42 U.S.C. § 14141,[4] contains no private right of action.  *See Maretta-Brooks v. Hanuszczak*, 18-CV-0426, 2018 WL 2021480, at *7 (N.D.N.Y. Apr. 26, 2018) (Peebles, M.J.) (citing 34 U.S.C. § 12601(b)) ("Under 34 U.S.C. § 12601, only the United States Attorney General has the authority to bring a civil action."); *see also Steinhardt v. Bernardsville Police Dep't*, 20-2825, 2021 WL 3929321, at *2 n.2 (3d Cir. Sept. 2, 2021) ("[The plaintiff] also referenced . . . 34 U.S.C. § 12601, but [that] provision[] contain[s] no private right of action."); *Gumber v. Fagundes*, 21-CV-3155, 2021 WL 3563065, at *2 (N.D. Cal. Aug. 11, 2021) ("[C]laims under . . . 34 U.S.C. § 12601 . . . must be dismissed because there is no private right of action.").  As a result, I recommend that this claim be dismissed.

### D.    Equal Protection Claim

As set forth in the Court's Order and Report-Recommendation dated September 16, 2021, Plaintiff fails to allege any facts plausibly suggesting that he was treated differently from similarly situated individuals or any other individuals.  Accordingly, I recommend that Plaintiff's Fourteenth Amendment Equal Protection claims be dismissed for failure to state a claim upon which relief may be granted.

### E.    First Amendment Claims

Out of an abundance of caution, mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff*, 537 F.3d at 191, and without expressing an opinion as to whether Plaintiff can withstand a properly filed motion to

---

[4]    Effective September 1, 2017, that section was recodified as 34 U.S.C. § 12601.

dismiss or for summary judgment, I recommend that a response be required to Plaintiff's First Amendment claims against Defendants Sisley and Wolfe.

### F.    Fourth Amendment

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  "By virtue of its incorporation through the Fourteenth Amendment's Due Process Clause, the Fourth Amendment is binding on states and, relevant here, municipalities such as" the City of Syracuse.  *Tsinberg v. City of New York,* 20-CV-0749, 2021 WL 1146942, at *10 (S.D.N.Y. Mar. 25, 2021) (citing *City of Ontario v. Quon*, 560 U.S. 746, 750 (2010)).  It "applies in the civil context as well" as the criminal.  *Sodal v. Cook Cnty.*, 506 U.S. 56, 57 (1992) (collecting cases).

#### 1.    False Arrest

Out of an abundance of caution, mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff*, 537 F.3d at 191, and without expressing an opinion as to whether Plaintiff can withstand a properly filed motion to dismiss or for summary judgment, I recommend that a response be required to Plaintiff's false arrest claims against Defendants (1) Sisley and Wolfe regarding the incident at Destiny USA on July 17, 2020, and (2) DeBottis regarding the incident on April 23, 2021.

#### 2.    Search and Seizure Claims

Out of an abundance of caution, mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff*, 537 F.3d at 191, and without expressing an opinion as to whether Plaintiff can withstand a properly filed motion to dismiss or for summary judgment, I recommend that a response be required to Plaintiff's Fourth

Amendment deprivation of property claim against Defendants (1) Sisley and Wolfe regarding the incident at Destiny USA on July 17, 2020, (2) Kimpel regarding the incident on December 13, 2020, and (3) DeBottis regarding the incident on April 23, 2021.

### G.    Failure to Protect

Plaintiff appears to allege that Defendant Kimpel failed to protect him because Defendant Kimpel did not secure an arrest warrant for the person who assaulted Plaintiff on December 13, 2020.  (Dkt. No. 5 at 16-18.)  However, a police officer's alleged failure to protect one citizen from another does not violate due process, absent the existence of a special relationship between the police officer and the victim such as a custodial relationship (which is not present here). *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 533 (2d Cir. 1993).

As a result, I recommend that Plaintiff's failure to protect claim be dismissed for failure to state a claim.

### H.    State Law Negligence Claims

"In order to prevail on a negligence claim, 'a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom.'"  *Pasternack v. Lab. Corp. of Am. Holdings*, 27 N.Y.3d 817, 825 (N.Y. 2016) (quoting *Solomon v. City of New York*, 66 N.Y.2d 1026, 1027 (N.Y. 1985)).

Out of an abundance of caution, mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff*, 537 F.3d at 191, and without expressing an opinion as to whether Plaintiff can withstand a properly filed motion to dismiss or for summary judgment, I recommend that a response be required to Plaintiff's negligence claims against Defendants Carleo and Releford.

14

## I.      State Law Defamation/Libel/Slander

Plaintiff appears to assert claims of defamation, libel, and slander against Defendants.

"Defamation, consisting of the twin torts of libel and slander, is the invasion of the interest in a reputation and good name." *Hogan v. Herald Co.*, 84 A.D.2d 470, 474 (N.Y. App. Div. 4th Dep't 1982), *aff'd* 58 N.Y.2d 630 (N.Y. 1982).  "Generally, spoken defamatory words are slander; written defamatory words are libel." *Albert v. Loksen*, 239 F.3d 256, 264 (2d Cir. 2001).

"Under New York law a [libel] defamation plaintiff must establish five elements: (1) a written defamatory statement of and concerning the plaintiff, (2) publication to a third party, (3) fault, (4) falsity of the defamatory statement, and (5) special damages or per se actionability." *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019).  In addition, "[u]nder New York law, to state a cause of action for slander, the plaintiff must allege facts plausibly suggesting (1) a defamatory statement of fact, (2) that is false, (3) published to a third party, (4) of and concerning the plaintiff, (5) made with the applicable level of fault on the part of the speaker, (6) that causes either special harm or constitutes slander per se, and (7) that is not protected by privilege." *Ryle v. Rehrig Pac. Co.*, 19-CV-1478, 2020 WL 6196144, at *8 (N.D.N.Y. Oct. 22, 2020) (Suddaby, C.J.) (citing *Albert*, 239 F.3d at 265-66).

Plaintiff fails to allege facts plausibly suggesting any of the elements for a defamation claim.  As a result, I recommend that Plaintiff's defamation claims be dismissed for failure to state a claim.[5]  *See Bey ex rel. Dickerson v. Kelly*, 20-CV-2399, 2020 WL 3414612, at *3

---

[5]      The Court also notes that Plaintiff's defamation claims may be time-barred.  The statute of limitations for defamation claims under New York law is one year.  N.Y. C.P.L.R. § 215(3). Some of the allegations in Plaintiff's Amended Complaint relate to incidents that occurred more than one year before the initiation of this action.

(E.D.N.Y. June 22, 2020) (dismissing the plaintiff's defamation claim where he failed to allege facts in support of the five elements of defamation).

### J.    Municipal Claims

As set forth above in Parts IV.A., B., C., and D., of this Order and Report-Recommendation, I recommend that all claims against Defendant City of Syracuse be dismissed. However, in the alternative, I also recommend that the claims against Defendant City of Syracuse—a municipality—be dismissed for failure to state a claim against a municipal entity for the reasons set forth in the Court's Order and Report-Recommendation dated September 16, 2021.

### K.    Claims Against Defendants in Their Official Capacities

"An official capacity suit against a municipal employee is a suit against the municipality itself." *Pittman v. Billings*, 20-CV-0422, 2020 WL 2079440, at *9 (N.D.N.Y. Apr. 30, 2020) (Baxter, M.J.), *report and recommendation adopted by* 2020 WL 2574631 (N.D.N.Y. May 21, 2020) (Sharpe, J.).  However, for the reasons set forth in Part IV.J. of this Order and Report-Recommendation, I find that Plaintiff in this case has alleged no facts that would state a claim against the City of Syracuse.

As a result, I recommend that to the extent Plaintiff attempts to assert claims against Defendants in their official capacities, those claims be dismissed.

## V.    OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when

justice so requires.").  An opportunity to amend is not required, however, where "the problem

with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding

L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact

sufficient to support its claim, a complaint should be dismissed with prejudice.").  Stated

differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is

not an abuse of discretion to deny leave to amend."  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d

129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1

(N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[6]

     In this case, because the Court has already afforded Plaintiff an opportunity to amend the

Complaint, I find that it need not grant Plaintiff another opportunity to amend.  *See Official

Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147,

168 (2d Cir. 2003) (quoting *Dluhos v. Floating & Abandoned Vessel, Known as "New York,"*

162 F.3d 63, 69 (2d Cir. 1998)) (finding that the "District Court did not abuse its discretion in

denying [the plaintiff] leave to amend the complaint because there was a 'repeated failure to cure

deficiencies by amendments previously allowed.'"); *Hall v. Clinton Cnty.*, 18-CV-1405, 2020

WL 1923236, at *7 (N.D.N.Y. Apr. 21, 2020) (Suddaby, C.J.) (dismissing without leave to

amend the *pro se* plaintiff's amended complaint where the court "already afforded Plaintiff an

opportunity to amend his Complaint"); *Carrasco v. Annucci,* 17-CV-0246, 2017 WL 6492010, at

---

[6]     *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015)
(Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171
F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can
rule out any possibility, however unlikely it might be, that an amended complaint would be
successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell
Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

*2 (N.D.N.Y. Dec. 15, 2017) (Suddaby, C.J.) (dismissing a complaint pursuant to 28 U.S.C. §

1915(e)(2)(B) without leave to amend "because plaintiff has already had two opportunities to

amend the complaint"); *Salinger v. Projectavision, Inc.*, 972 F. Supp. 222, 236 (S.D.N.Y. 1997)

("Three bites at the apple is enough.").

## VI.    MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has also submitted a request for appointment of counsel.  (Dkt. No. 6.)

In *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit

reiterated the factors that a court must consider in ruling upon such a motion.  In deciding

whether to appoint counsel, the court should first determine whether the indigent's position

seems likely to be of substance.  If the claim meets this threshold requirement, the court should

then consider a number of other factors in making its determination.  *Terminate Control*, 28 F.3d

at 1341 (citing *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)).

Before evaluating a request for appointment of counsel, a party must first demonstrate

that he is unable to obtain counsel through the private sector or public interest firms.  *Cooper v.

A. Sargenti Co., Inc.*, 877 F.2d 170, 173-74 (2d Cir. 1989) (citing *Hodge*, 802 F.2d at 61).

Courts cannot utilize a bright-line test in determining whether counsel should be

appointed on behalf of an indigent party.  *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir.

1997).  Instead, a number of factors must be carefully considered by the court in ruling upon

such a motion.  As a threshold matter, as noted above, the court should ascertain whether the

indigent's claims seem likely to be of substance.  If so, the court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting
> evidence implicating the need for cross examination will be the major
> proof presented to the fact finder, the indigent's ability to present the case,
> the complexity of the legal issues and any special reason in that case why
> appointment of counsel would be more likely to lead to a just
> determination.

*Terminate Control*, 28 F.3d at 1341 (quoting *Hodge*, 802 F.2d at 61). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

For purposes of Plaintiff's application, the Court will assume, without deciding, that the case may be of substance. Plaintiff's motion fails to make the requisite showing that he has been unable to obtain counsel through the private sector or public interest firms. (*See generally* Dkt. No. 6.) Plaintiff indicates that he contacted Everett Stern, who is the "CEO/Intelligence Director" of Tactical Rabbit Inc. (Dkt. No. 6 at ¶ 2.) There is no indication that Mr. Stern is an attorney licensed to practice in the United States District Court for the Northern District of New York, and a review of the attorney database does not indicate that he is.[7]

In addition, a review of the issues in dispute are not overly complex. This case is early in the litigation process, but it appears to the Court as though, to date, Plaintiff has been able to effectively litigate this action.

While it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial of this matter, as is the case in many actions brought by *pro se* litigants, "this factor alone is not determinative of a motion for appointment of counsel." *Velasquez*, 899 F. Supp. at 974. The Court is unaware of any special reason why appointment of counsel *at this time* would be more likely to lead to a just determination of this litigation. Furthermore, it is highly probable that this Court will appoint trial counsel at the final pretrial conference if this case survives any dispositive motions. The Court therefore finds that, based

---

[7]     https://www.nynd.uscourts.gov/attorney-information-lookup last visited December 8, 2021.

upon the existing record in this case, appointment of counsel is unwarranted.  Plaintiff may only

file another motion for appointment of counsel in the event he can demonstrate in light of

specific changed circumstances, consideration of the above factors warrants granting the

application.

  **ACCORDINGLY**, it is

  **ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 6) is **DENIED**

without prejudice; and it is further respectfully

  **RECOMMENDED** that Plaintiff's Amended Complaint (Dkt. No. 5) be **ACCEPTED**

**FOR FILING** with respect to Plaintiff's claims

> (1) That his right to free speech/religion was violated pursuant to the First Amendment and 42 U.S.C. § 1983, against Defendants Sisley and Wolfe regarding the incident at Destiny USA on July 17, 2020;

> (2) Of false arrest pursuant to the Fourth Amendment and 42 U.S.C. § 1983, against Defendants Sisley and Wolfe regarding the incident at Destiny USA on July 17, 2020;

> (3) Of unreasonable search and seizure pursuant to the Fourth Amendment and 42 U.S.C. § 1983, against Defendants Sisley and Wolfe regarding the incident at Destiny USA on July 17, 2020;

> (4) Of unreasonable search and seizure pursuant to the Fourth Amendment and 42 U.S.C. § 1983, against Defendant Kimpel regarding the incident on December 13, 2020;

> (5) Of false arrest pursuant to the Fourth Amendment and 42 U.S.C. § 1983, against Defendant DeBottis regarding the incident on April 23, 2021;

> (6) Of unreasonable search and seizure pursuant to the Fourth Amendment and 42 U.S.C. § 1983, against Defendant DeBottis regarding the incident on April 23, 2021; and

> (7) Of Negligence pursuant to New York common law against Defendants Carleo and Releford;

and it is further respectfully

**RECOMMENDED** that Plaintiff's Amended Complaint (Dkt. No. 5) be **DISMISSED**

**WITHOUT LEAVE TO REPLEAD** with respect to Plaintiff's claims

       (1)  Pursuant to RICO, against Defendants;

       (2)  Dereliction of duty pursuant to 10 U.S.C. § 892, against Defendants;

       (3)  Law enforcement misconduct pursuant to 42 U.S.C. § 14141(a) or 34 U.S.C. § 12601, against Defendants;

       (4)  That his right to equal protection was violated pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983, against Defendants;

       (5)  Of failure to protect against Defendant Kimpel;

       (6)  Of defamation, slander, and libel;

       (7)  Against Defendant City of Syracuse and the individual Defendants in their official capacities;

pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[8]

---

[8]    The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[9]  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 9.84 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: December  9 , 2021
         Binghamton, New York

*Miroslav Lovric*

Miroslav Lovric
U.S. Magistrate Judge

---

[9]      If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).