UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
BISHOP ABRAHAM S. ISRAEL,

                          Plaintiff,

  -v-                              5:21-CV-915

SGT. CARLEO, Syracuse Police Officer;
SISLEY, Syracuse Police Officer;
WOLFE, Syracuse Police Officer;
KIMPEL, Syracuse Police Officer;
MARCUS DeBOTTIS, JR., Syracuse
Police Officer; and RANETTE
RELEFORD, CRB Administrator,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                     OF COUNSEL:

ABRAHAM S. ISRAEL
Plaintiff *Pro Se*
1409 South McBride Street
Syracuse, New York 13202

CITY OF SYRACUSE LAW         TODD M. LONG, ESQ.
   DEPARTMENT
Attorneys for Defendants Sgt. Carleo,
   Sisley, Wolfe, Kimpel, and Marcus
   DeBottis, Jr.
233 East Washington Street
300 City Hall
Syracuse, New York 13202

| | |
|---|---|
| BOUSQUET HOLSTEIN PLLC<br>Attorneys for Defendant Ranette<br>   Releford<br>One Lincoln Center-Suite 1000<br>110 West Fayette Street<br>Syracuse, New York 13202 | RYAN S. SUSER, ESQ. |

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

On August 13, 2021, pro se plaintiff Bishop Abraham S. Israel ("Israel" or "plaintiff") filed the present complaint alleging a host of varied misconduct over seven discrete—yet related incidents—against five City of Syracuse ("Syracuse" or the "City") police officer defendants, as well as defendant Ranette Releford ("Releford"), the administrator of the City's Citizen Review Board ("CRB").[1] *See generally* Dkt. 5 ("Compl."), *passim*. At bottom, plaintiff claims that the police officers violated his rights across six instances, and that Releford was negligent and breached her duty to him "by not redressing the continuous and ongoing" misconduct. Compl. 22-23.[2]

---

[1] The facts for the present motion practice are taken from plaintiff's amended complaint, as is appropriate for a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6). Of course, those documents may be considered for the purposes of defendants' motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *See Saleh v. Holder*, 84 F. Supp. 3d 135, 137-38 (E.D.N.Y. 2014) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). However, upon review, those documents do not meaningfully advance Releford's jurisdictional arguments. As a result, the additional documents Releford relies on in her motion will not be considered. The lone exception is the CRB's authorizing statute, which, being publicly available, will be considered under judicial notice to flesh out the factual background at play in plaintiff's claim against Releford. *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998) (noting that district court may rely on matters of public record in deciding Rule 12(b)(6) motion, including statutes).

[2] Pagination Corresponds with CM/ECF.

2

As far as Releford's authority to actually redress any alleged wrongdoing goes, Israel appears to rely largely on her role as CRB administrator. The CRB is a "citizen-controlled process for reviewing grievances involving members of the Syracuse police department" aimed at providing a "non-exclusive alternative to civil litigation." SYRACUSE, NY CODE OF ORDINANCES, art. VI, § 12-181. The CRB administrator is charged with a range of functions, including keeping CRB records, representing the board, helping complainants with their complaints, investigating complaints, and other sundry tasks. *Id.* § 12-186(3)(d).

On September 16, 2021, United States Magistrate Judge Miroslav Lovric conducted an initial review of Israel's complaint. Dkt. 4. Magistrate Judge Lovric considered the negligence claim plaintiff stated against Releford and let it through "without expressing an opinion as to whether [p]laintiff can withstand a properly filed motion to dismiss . . . ." *Id.* at 19. Apparently, Releford sensed an invitation and moved to dismiss the sole claim of negligence against her under Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim on March 4, 2022. Dkt. 21. Plaintiff never defended his claim against her motion. That motion will now be decided on Releford's submission and without oral argument.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional

3

power to adjudicate it." *Makarova*, 201 F.3d at 113. "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). "In determining the existence of subject matter jurisdiction, a district court may consider evidence outside the pleadings." *Saleh*, 84 F. Supp. 3d at 137-38 (E.D.N.Y. 2014) (citing *Makarova*, 201 F.3d at 113). "Subject matter jurisdiction is a threshold issue and, thus, when a party moves to dismiss under both Rules 12(b)(1) and 12(b)(6), the motion court must address the 12(b)(1) motion first." *Id.* at 138 (citations omitted).

Israel relies on 28 U.S.C. § 1367(a) for jurisdiction over his claim against Releford. That statute establishes "supplemental jurisdiction over all other claims that are so related to claims [over which a court has] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a). Functionally, as long as the claim in question "arises out of approximately the same set of events" as a federal claim, supplemental jurisdiction exists. *See Treglia v. Town of Manlius*, 313 F.3d 713, 723 (2d Cir. 2002). Because plaintiff fundamentally claims that Releford failed to remediate the other defendants' alleged misconduct, those claims are approximately related, and supplemental jurisdiction exists. Releford's Rule 12(b)(1) motion must be denied.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That factual matter may be drawn from "the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

Importantly, "the complaint is to be construed liberally, and all reasonable inferences must be drawn in the plaintiff's favor." *Ginsburg v. City of Ithaca*, 839 F. Supp. 2d 537, 540 (N.D.N.Y. 2012) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). If the complaint and its additional materials—when viewed through that pro-plaintiff lens—are not enough to raise the plaintiff's right to relief above the speculative level, the complaint must be dismissed. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Israel's only claim against Releford is for negligence under New York common law. "Under New York law, the elements of a negligence claim are: (i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach." *Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 215 (2d Cir. 2002). Plaintiff's barebones allegations that Releford failed to "redress[ ] the continuous and ongoing"

5

violations of his rights fail to plausibly establish any of the three elements of a negligence claim.  Compl. pp. 22-23.

First, nowhere does Israel allege that Releford actually had the capability—let alone the duty—to stop the conduct of which he complains. *See generally* Compl., *passim*.  Certainly, she had no decision-making authority: her role in the CRB was chiefly administrative and investigatory. NY CODE OF ORDINANCES, art. VI, § 12-186(3)(d).  To the extent that plaintiff would claim Releford's negligence in carrying out her administrative responsibilities, he alleges that she forwarded his complaints to the Syracuse Police Chief.  Compl. 23.  Similarly, nowhere has plaintiff even suggested that Releford failed to adequately investigate his claims.  *See generally id.*, *passim*.

In other words, on the face of the complaint, Releford did everything that Israel could have asked her to do.  As a result, plaintiff has failed to plausibly allege duty, breach, or resulting damages.  Releford's motion to dismiss plaintiff's negligence claim—the sole count against her—must therefore be granted.[3]  *See, e.g.*, *Berliner v. Port Auth.*, 2008 WL 11434516, at *5

---

[3] To whatever extent plaintiff's complaint could be read to state a claim against Releford for breach of fiduciary duty, that claim fails for much the same reason.  Plaintiff's failure to prove even a breach of a general duty of care certainly means that he could not make the more demanding showing of the existence of a fiduciary relationship and its resulting duty.  *See, e.g.*, *Tracey Road Equip., Inc. v. Ally Fin., Inc.*, 2018 WL 1578160, at *2 (N.D.N.Y. Mar. 29, 2018) (dismissing both negligence and breach of fiduciary duty claims because plaintiff failed to allege existence of duty as required by both torts).

(E.D.N.Y. Nov. 17, 2008) (dismissing negligence claim under New York law where plaintiff claimed defendant was responsible for alleged police misconduct but did not allege any facts that would establish that defendant controlled or assisted in actions of police officers).

Additionally, Releford's role with the CRB makes it impossible for her to have had a hand in the other misconduct Israel alleges without the introduction of new facts completely different in character from anything alleged in plaintiff's amended complaint. As a result, any effort on plaintiff's part to amend his complaint would be futile, especially since he has already amended his complaint once. Releford must therefore be dismissed from this case with prejudice. *Cuoco v. Moritsugu*, 222 F. 3d 99, 112 (2d Cir. 2000) (noting that dismissal with prejudice is appropriate when plaintiff's complaint is subject to fundamental defect that cannot be cured with better pleading).

Therefore, it is

ORDERED that

1. Defendant Ranette Releford's motion to dismiss is GRANTED; and

2. Defendant Ranette Releford is DISMISSED from this case.

IT IS SO ORDERED.

Dated: April 7, 2022
      Utica, New York.

David N. Hurd
U.S. District Judge