UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BISHOP ABRAHAM S. ISRAEL,

                        Plaintiff,

            -v-                         5:21-CV-915

SGT. CARLEO, Syracuse Police
Officer, SISLEY, Syracuse Police
Officer, WOLF, Syracuse Police
Officer, KIMPEL, Syracuse Police
Officer, and MARCUS DEBOTTIS,
JR., Syracuse Police Officer,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

ABRAHAM S. ISRAEL
Plaintiff, Pro Se
1409 S. McBride Street
Syracuse, NY 13202

CITY OF SYRACUSE LAW            TODD M. LONG, ESQ.
   DEPARTMENT                   SARAH KNICKERBOCKER, ESQ.
Attorneys for Defendants
233 East Washington Street
300 City Hall
Syracuse, NY 13202

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

On August 13, 2021, *pro se* plaintiff Bishop Abraham S. Israel ("Israel" or "plaintiff") filed this 42 U.S.C. § 1983 action on behalf of himself and plaintiff "Jesus Christ Ministries" alleging that defendants City of Syracuse (the "City"), Police Sergeant Carleo ("Sergeant Carleo"), Police Officer Sisley ("Officer Sisley"), Police Officer Wolf[1] ("Officer Wolf"), Police Officer Kimpel ("Officer Kimpel"), Police Officer Marcus DeBottis, Jr. ("Officer DeBottis"), Police Officer Lago ("Officer Lago"), and Citizens' Review Board ("CRB") Administrator Ranette Releford ("Administrator Releford") violated his civil rights while he was trying to preach the gospel at a local shopping mall. Dkt. No. 1. Along with his complaint, plaintiff also sought leave to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2.

On September 16, 2021, U.S. Magistrate Judge Miroslav Lovric granted Israel's IFP Application and recommended in a Report & Recommendation ("R&R") that several of plaintiff's 42 U.S.C. § 1983 claims should survive initial review.[2] Dkt. No. 4. While this R&R was pending review, plaintiff

---

[1] According to defendants, the caption misspells Wolf's surname as "Wolfe." The Clerk of the Court will be directed to amend the caption to correct the error.

[2] On October 13, 2021, this Court adopted Judge Lovric's R&R. Dkt. No. 7.

filed an amended complaint, Dkt. No. 5, and a motion seeking the appointment of counsel to represent him, Dkt. No. 6.

On December 9, 2021, Judge Lovric denied without prejudice Israel's motion for the appointment of counsel and recommended in a second R&R that plaintiff's amended complaint be accepted for filing in part and dismissed with prejudice in part.  Dkt. No. 9.

In particular, Judge Lovric recommended that Israel's amended complaint be accepted for filing as to his § 1983 claims alleging that: (1) Officer Sisley and Officer Wolf violated his First and Fourth Amendment rights on July 17, 2020; (2) Officer Kimpel violated his Fourth Amendment rights on December 13, 2020; and (3) Officer DeBottis violated his Fourth Amendment rights on April 23, 2021.  Judge Lovric also recommended that plaintiff's amended complaint be accepted for filing as to his state law negligence claims against Sergeant Carleo and Administrator Releford.

However, Judge Lovric recommended that Israel's amended complaint be dismissed with prejudice as to his claims for: (1) RICO; (2) dereliction of duty; (3) law enforcement misconduct; (4) equal protection; (5) a failure-to-protect; (6) defamation, slander, and libel; (7) municipal liability; (8) official-capacity liability.  Judge Lovric also recommended that plaintiff "Jesus Christ Ministries" be dismissed as a plaintiff.

On January 3, 2022, this Court adopted Judge Lovric's second R&R, accepted Israel's amended complaint for filing in part as set forth *supra*, and directed the Clerk of the Court to amend the docket to reflect that only Officer Sisley, Officer Wolf, Officer Kimpel, Officer DeBottis, Sergeant Carleo, and Administrator Releford remained as defendants.  Dkt. No. 10.

On March 4, 2022, Administrator Releford moved under Federal Rule of Civil Procedure ("Rule") 12(b) to dismiss the state law negligence claim asserted against her for lack of subject matter jurisdiction and for failure to state a plausible claim for relief.  Dkt. No. 21.  Plaintiff failed to oppose the motion, which was eventually granted on April 7, 2022.[3]  *Israel v. Carleo*, 2022 WL 1046444 (N.D.N.Y.).

On July 11, 2022, Officer Sisley, Officer Wolf, Officer Kimpel, Officer DeBottis, and Sergeant Carleo (the "Police defendants") moved for partial dismissal of Israel's remaining claims under Rule 12(b)(1) and 12(c).  Dkt. No. 51.  The motion has been briefed and will be considered on the basis of the submissions without oral argument.[4]

---

[3] Plaintiff has filed several other motions and requests, many of which have been stricken for failure to comply with basic procedural rules.  *See, e.g.*, Dkt. Nos.  34–36, 43, 45–48.

[4] Plaintiff has failed to respond to the motion.  Instead, as Judge Lovric has noted, plaintiff has filed various documents that are often "unclear, confusing, and anything but specific," leaving the Court "unable to decipher" plaintiff's intent.  Dkt. No. 64.

## II.  **BACKGROUND**

The following facts are taken from Israel's amended complaint, Dkt. No. 5, and are assumed true for the purpose of resolving the Police defendants' partial motion to dismiss.

Israel is a "certified chaplain" in New York State.  Am. Compl. at 13.[5]  He chose to preach the gospel at Destiny USA, a large shopping mall in Syracuse, New York.  *Id*.  On July 17, 2020, after "a few days" of his "evangelizing and preaching," Officer Sisley, Officer Wolf, and some mall security officers approached plaintiff, detained him for approximately twenty minutes, escorted him out of the shopping mall, and then served him with an appearance ticket for trespassing that was later dismissed.  Am. Compl. at 11–16.  According to plaintiff, during this encounter Officer Sisley and Officer Wolf also seized his passport, "papers," and $10.  *Id*.

Israel reported this incident to the CRB.  Am. Compl. at 11–12.  In August of 2020, Sergeant Carleo contacted plaintiff to interview him about the report he had filed.  *Id*.  Plaintiff alleges he told Sergeant Carleo that Officer Sisley had robbed him and illegally detained him at the mall.  *Id*.  In plaintiff's view, though, Sergeant Carleo denied him a "[f]air [h]earing on the

---

[5]  Pagination corresponds to CM/ECF.

allegations against Carleo's co-workers . . . . and was negligent by denying the Plaintiff the relief request[ed]." *Id*. at 15–16.

## III.  LEGAL STANDARDS

### A.  Subject Matter Jurisdiction

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Wagner v. Hyra*, 518 F. Supp. 3d 613, 622 (N.D.N.Y. 2021) (quoting *Forjone v. Dep't of Motor Vehicles*, 414 F. Supp. 3d 292, 298 (N.D.N.Y. 2019)).  "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Forjone*, 414 F. Supp. 3d at 298 (cleaned up).

"The Second Circuit has drawn a distinction between two types of Rule 12(b)(1) motions: (i) facial motions and (ii) fact-based motions." *Nicholas v. Trump*, 433 F. Supp. 3d 581, 586 (S.D.N.Y. 2020); *see also Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) ("A Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial or fact-based.")

"A facial Rule 12(b)(1) motion is one based solely on the allegations of the complaint or the complaint and exhibits attached to it." *Nicholas*, 433 F. Supp. 3d at 586 (cleaned up). "A plaintiff opposing such a motion bears no evidentiary burden." *Id*. "Instead, to resolve a facial Rule 12(b)(1) motion, a

- 6 -

district court must determine whether the complaint and its exhibits allege facts that establish subject matter jurisdiction." *Id*. "And to make that determination, a court must accept the complaint's allegations as true and draw all reasonable inferences in favor of the plaintiff." *Id*.

"Alternatively, a defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the complaint and its exhibits." *Nicholas*, 433 F. Supp. 3d at 586 (quoting *Carter*, 822 F.3d at 57). "In opposition to such a motion, a plaintiff must come forward with evidence of their own to controvert that presented by the defendant, or may instead rely on the allegations in their pleading if the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing." *Id*. (cleaned up). "If a defendant supports his fact-based Rule 12(b)(1) motion with material and controverted extrinsic evidence, a district court will need to make findings of fact in aid of its decision as to the subject matter jurisdiction." *Id*.

## B. Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). The standard for granting a Rule 12(c) motion is identical to that of a 12(b)(6) motion to dismiss. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

To survive a Rule 12(b)(6) motion to dismiss, the complaint's factual allegations must be enough to elevate the plaintiff's right to relief above the level of speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). So while legal conclusions can provide a framework for the complaint, they must be supported with meaningful allegations of fact. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In short, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

To assess this plausibility requirement, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In doing so, the court generally confines itself to the facts alleged in the pleading, any documents attached to the complaint or incorporated into it by reference, and matters of which judicial notice may be taken. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).

## IV. **DISCUSSION**[6]

The Police defendants have moved for partial dismissal of the claims remaining in this action. Defs.' Mem., Dkt. No. 51-3 at 6. According to defendants, at least some discovery is appropriate into plaintiff's (1) § 1983

---

[6] Because he is proceeding *pro se*, Israel's filings must be "liberally construed" and "held to less stringent standards than a formal pleading drafted by lawyers." *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (cleaned up); *see also Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (observing that courts must liberally construe pleadings and briefs submitted by *pro se* litigants in a way that raises the strongest arguments they suggest).

Fourth Amendment false arrest claims against Officer Sisley, Officer Wolf, and Officer DeBottis; and his (2) § 1983 Fourth Amendment unreasonable search and seizure claims against Officer Sisley, Officer Wolf, Officer DeBottis, and Officer Kimpel.  *Id.* at 9.

However, the Police defendants contend that dismissal is appropriate as to plaintiff's (A) § 1983 First Amendment freedom of speech and freedom of religion claim against Officer Sisley and Officer Wolf; and his (B) state law negligence claim against Sergeant Carleo.

## A.  <u>First Amendment</u>

Israel alleges that Officer Sisley and Officer Wolf violated his First Amendment right to free speech and religion when they, along with some mall security officers, approached plaintiff, detained him, escorted him out of the mall, and served him with an appearance ticket that was later dismissed.  Am. Compl. at 11–16.

 "To state a First Amendment claim, a plaintiff must allege facts admitting a plausible inference that the defendant's actions restricted, or were retaliation against, speech or conduct protected by the First Amendment."  *Salmon v. Blesser*, 802 F.3d 249, 255 (2d Cir. 2015).

Upon review, this claim must be dismissed.  "[T]he First Amendment does not guarantee the right to communicate one's views at all times and places and in any manner that may be desired."  *Heffron v. Int'l Soc'y for Krishna*

*Consciousness*, 452 U.S. 640, 647 (1981).  For instance, while the government is often constrained in how it handles a speaker engaged in expressive conduct in one of its own forums, "[t]he Constitution does not disable private property owners and private lessees from exercising editorial discretion over speech and speakers on their property."  *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1931 (2019).

Even accounting for Israel's *pro se* status, the factual allegations in Israel's operative pleading establish that he was removed for "trespassing" at the request of the mall's representatives (*i.e.*, mall security).  In other words, Officer Sisley and Officer Wolf assisted mall security in removing plaintiff from a private shopping center after the business had already revoked his privilege to remain.

Because he does not have an unfettered right to engage in expressive activity on private property, Israel's First Amendment claim must be dismissed.  *Kilayko-Gullas v. East End Temple*, 2020 WL 6292655, at *2 (S.D.N.Y. Oct. 26, 2020) ("There is no right for individuals to exercise their First Amendment rights on private property owned by others."); *cf. Costello v. City of Burlington*, 632 F.3d 41, (rejecting constitutional challenge to city noise ordinance used to penalize a "street preacher" evangelizing in a "pedestrian mall" maintained by the city as a public forum).

**B. <u>Negligence</u>**

Israel alleges that Sergeant Carleo "was negligent by denying the Plaintiff the relief [he] request[ed]." Am. Compl. 15–16.  Broadly construed, this amounts to an allegation that Sergeant Carleo failed to take action after learning from plaintiff that Officer Sisley had robbed him and illegally detained him at the mall.  *Id*. at 11–12.

Upon review, this claim must also be dismissed.  As an initial matter, the Police defendants correctly point out that Israel failed to include factual allegations about Sergeant Carleo's negligence in the notice of claim he filed against the City on July 23, 2020.  Long Decl., Dkt. No. 51-2.[7]

The general rule in federal court is that "state notice-of-claim statutes apply to state-law claims."  *Carter v. Broome Cty.*, 394 F. Supp. 3d 228, 246 (N.D.N.Y. 2019) (citation omitted).  "Under New York law, a notice of claim is a condition precedent to bringing a tort claim against a municipality."  *Id*. Accordingly, plaintiff's negligence claim is subject to dismissal for lack of subject matter jurisdiction.  *See, e.g.*, *Carlson v. Geneva City Sch. Dist.*, 679 F. Supp. 2d 355, 364 (W.D.N.Y. 2010) ("The notice of claim provisions at issue in this action are jurisdictional in nature.").

---

[7] This extraneous document is fair game for consideration on a motion to dismiss because it is "integral" to the amended complaint.  *See, e.g.*, *London v. Dzurenda*, 2022 WL 3139104, at *4 (E.D.N.Y. Aug. 5, 2022).

Even assuming otherwise, Israel's negligence claim against Sergeant Carleo would still be subject for dismissal for failure to state a plausible claim for relief. "Under New York law, a negligence claim requires: '(1) the existence of a duty on Defendant's part as to Plaintiff; (2) a breach of this duty; and (3) injury to the Plaintiff as a result thereof.'" *Schoolcraft v. City of N.Y.*, 103 F. Supp. 3d 465, 522 (S.D.N.Y. 2015) (quoting *Alfaro v. Wal-Mart Stores, Inc.*, 210 F.3d 111, 114 (2d Cir. 2000)).

Israel alleges that Sergeant Carleo's investigation into the CRB complaint he filed was negligent because, *inter alia*, Sergeant Carleo failed to hold Officer Sisley accountable for his alleged misconduct. In essence, then, plaintiff's negligence claim alleges that Sergeant Carleo conducted a negligent investigation (or perhaps a negligent prosecution).

Either way you characterize it, that kind of claim is not actionable in New York. *See, e.g.*, *Schoolcraft*, 103 F. Supp. 3d at 522 (recognizing "New York's public policy rule disfavoring claims for negligent investigation or negligent prosecution"); *Russ v. State Emps. Fed. Credit Union*, 750 N.Y.S.2d 658, 660 (N.Y. App. Div. 3rd Dep't 2002) (characterizing these claims as "not actionable"); *Pandolfo v. U.A. Cable Sys. of Watertown*, 568 N.Y.S.2d 981, 982 (N.Y. App. Div. 4th Dep't 1991) ("As a matter of public policy, there is no cause of action in the State of New York for negligent prosecution or

investigation.").  Accordingly, this claim would also be subject to dismissal for failure to state a claim.

### C.  **Leave to Amend**

The final question is whether Israel should be given leave to amend his pleading as to these claims.  "Generally, leave to amend should be freely given, and a pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (cleaned up).  However, "it is well established that leave to amend a complaint need not be granted where amendment would be futile." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003).

Upon review, leave to further amend these claims is inappropriate.  Israel has already amended his complaint once.  And notably absent from any of his filings so far (including his various requests to strike and other letter motions) is any hint of a plausible First Amendment claim against Officers Sisley and Wolf or of a plausible negligence claim against Sergeant Carleo.  Accordingly, leave to further amend will be denied as futile.

### IV.  **CONCLUSION**

Israel's § 1983 First Amendment claim alleging that Officers Sisley and Wolf violated his freedoms of speech and religion must be dismissed.  So too must his negligence claim against Sergeant Carleo.  Plaintiff's other claims remain for discovery.

Therefore, it is

ORDERED that

1.  The Clerk of the Court is directed to amend the caption to correct the spelling of defendant Wolf's surname;

2.  The Police defendants' partial motion to dismiss is GRANTED;

3.  Plaintiff's § 1983 First Amendment claim against Officer Sisley and Officer Wolf is DISMISSED;

4.  Plaintiff's negligence claim against Sergeant Carleo is DISMISSED; and

5.  The Clerk of the Court is directed to TERMINATE Sergeant Carleo as a defendant.

IT IS SO ORDERED.

Dated:  August 30, 2022
        Utica, New York.

David N. Hurd
U.S. District Judge